Mr. Justice O’Nealj,
delivered the opinion of the court.
It was insisted on the argument here, that the bona fides of the settlement could not be questioned in a case between a creditor and the administratrix. It is true, that the defendant, as administratrix, could not object to the settlement, on the ground, that it was voluntary, and would defeat the rights of creditors in a case in which she was seeking to set it aside, upon the familiar principle, that she represents the party making the deed, and cannot therefore make an objection, which he would be estopped from making. But there is no doubt that creditors may, whenever the settlement is interposed to defeat, delay, or hinder them, shew, that it is, as to them, invalid. In this case the defendant pleads plene administravit, to which the plaintiff has replied assets generally, as he had the right to do, according to the case of Johnson vs. Johnson, 1st Bailey.
Under this replication the plaintiff proved the fact, that the defendant’s intestate was, at the time of his death, in possession of the slaves in dispute, and that they were and are in the possession of the defendant; this cast upon, her the burthen of shewing that the legal presumption, that they were his goods and chattels, arising from the fact of his possession, could not prevail, inasmuch as he had aettled them, by a post nuptial settlement, on herself.. *213 To such evidence, coming from her, and set up in discharge of herself, there can be no doubt, that the plaintiff may reply that the settlement cannot bind him, on account of either actual or legal fraud. 3n such a state of things, it is net the administratrix who attempts to set aside the voluntary conveyance of the intestate, but it is his creditor who is injured thereby, and who, therefore, is entitled to make the question against the defendant, m possession of the slaves, who as cestm que trust in possession, after site became discovert, represents both the legal and equitable interest, arising from the. settlement.
Filed 14th Feb., 1837.
■SeymouR, for Appellant
■Eckhard, for Appellee.
The declaration of Mail’s, as to the state of his affairs, whether he had made or lost money from 1819 to 1828, or 1829, were clearly admissible against the defendant, as his administratrix, and as his • voluntary donor. In the first character, the defendant representing, the intestate, cannot object to his own evidence, against himself, and on the ground, to shew the competency of the testimony, it is only necessary to say, that when Mail's made the declarations, he was in the possession of the chattels; and that the proof objected to applies not to his title to them, but to his pecuniary circumstances, which might lead him to desire to cover his property from his reditors.
The question of fraud or no fraud, took the most favorable turn for the defendant, of which it was susceptible, in being submitted to the jury, as one of fact. We perceive no error in the conclusion of the jury.
The motion is dismissed.
JOHN B. O’NEALL.
We concur,
J. S RICHARDSON,
A. P. BUTLER.
JOSIAH J. EVANS,